█ In the Matter of the Accounting of SYLVIA POLINSKY et al., as Administrators of the Estate of DAVID G. POLINSKY, Deceased. ESTHER POLINSKY et al., Infants, et al., Appellants; HARRY GITTLESON, Respondent.— In a proceeding for the judicial settlement of the account of the administrators, petitioners Esther Polinsky and Arnold Polinsky, infants over the age of 14 years, and Max Schulman, an attorney nominated by them for appointment as their special guardian in this proceeding, appeal from an order of the Surrogate's Court of Kings County, entered May 2, 1960, which denies the motion of said infants: (1) to vacate an order of said court, dated March 25, 1960, appointing as such special guardian one other than the said nominee of the infants; and (2) to appoint said nominee. Said infants also appeal from the said order of March 25, 1960. Order of May 2, 1960 reversed upon the law and the facts, without costs, and motion of the infants to vacate said order of March 25, 1960 and to appoint their nominee, Max Schulman, as their special guardian in this proceeding, granted. Appeal from order of March 25, 1960. dismissed; no appeal lies therefrom. In our opinion, under the circumstances here present, the infants' motion for the appointment of their nominee as special guardian should have been granted (*Matter of Dumbra,* 254 App. Div. 776). Even though the "initial introduction" of such nominee may have emanated from the infants' mother, who is one of the administrators and accounting parties, that fact in itself is not enough to defeat the statutory right of these infants to be represented by the special guardian whom they have chosen, particularly since one of the infants is a 19-year-old college student. The mere fact that the mother may have suggested the selection of said nominee or approved his selection cannot be deemed to vitiate the infants' statutory right to choose their own special guardian (Surrogate's Ct. Act, § 64), especially since the integrity and the qualifications of their nominee are unchallenged and nothing whatever has been

shown to indicate that any conflict of interest exists or may arise. It was, therefore, an improvident exercise of discretion to deny the infants' motion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.